IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**STEPHEN BROCATO**,

    Plaintiff,                                                    No. 2:10-cv-00592-SU

        v.                                                        OPINION AND ORDER

**CITY OF BAKER CITY, et al.**,

    Defendants.

**MOSMAN, J.**,

    On January 4, 2012, Magistrate Judge Sullivan issued her Findings and Recommendation ("F&R") [51] in the above-captioned case recommending: (1) that I grant in part and deny in part the Motion for Summary Judgment [20] filed by defendants Aletha Bonebrake, Clair Button, Beverly Calder, Dennis Dorrah, and the City of Baker City (collectively "Defendants"), and (2) that I grant defendant Gary Dielman's Motion for Summary Judgment [17] in its entirety. Defendants filed Objections [53] and plaintiff responded [58]. Plaintiff filed Objections [54] and defendants responded [59]. Defendant Gary Dielman also responded [60] to plaintiff's objections.

## BACKGROUND

    The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a

1 – OPINION AND ORDER

de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Defendants raise several objections with regard to Judge Sullivan's recommendation that I deny their motion for summary judgment as to plaintiff's first claim for relief under Section 1983. (Defendants' Obj. [53] 6–19).

Plaintiff advances five objections, arguing that Judge Sullivan erred: in recommending that I dismiss plaintiff's whistleblowing claim, in finding the lack of an "important public duty," in determining that the defendant Councilors' defamatory statements about Mr. Brocato were made in the course and scope of their employment, in determining that defendant Gary Dielman's statements were opinion, and in recommending dismissal of plaintiff's false light claim. (Pl. Obj. [54] 2–19).

I have reviewed the briefings and the record and find the parties' objections unpersuasive.

## CONCLUSION

Upon review, I agree with Judge Sullivan's recommendation and I ADOPT the F&R [51] as my own opinion. Defendants' Motion for Summary Judgment [20] is GRANTED IN PART AND DENIED IN PART, as follows: Defendants' motion for summary judgment on plaintiff's deprivation of liberty claim under Section 1983 is DENIED; Defendants' motion for summary

judgment on plaintiff's whistleblowing claim under Or. Rev. Stat.§ 659A.203 is GRANTED;

Defendants' motion for summary judgment on plaintiff's intentional infliction of emotional

distress claim is GRANTED; Defendants' motion for summary judgment on plaintiff's wrongful

discharge claim is GRANTED; Defendants' motion for summary judgment on plaintiff's

intentional interference with economic relations claim is GRANTED; Defendants' motion for

summary judgment on plaintiff's defamation claim is GRANTED; Defendants' motion for

summary judgment on plaintiff's false light claim is GRANTED; and Defendants' motion for

summary judgment on plaintiff's conspiracy claim is GRANTED. Defendant Gary Dielman's

Motion for Summary Judgment [17] is GRANTED.

      IT IS SO ORDERED.

      DATED this ___30th___ day of March, 2012.


                /s/ Michael W. Mosman_____
                MICHAEL W. MOSMAN
                United States District Court