IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**STEPHEN BROCATO**,

    Plaintiff,            No. 2:10-cv-00592-MO

    v.            OPINION AND ORDER

**CITY OF BAKER CITY, et al.,**

    Defendants.

**MOSMAN, J.**,

On May 4, 2012, I dismissed [77] defendant Gary Dielman from this case pursuant to Fed. R. Civ. P. 54(b). On May 7, 2012, Mr. Dielman filed a Bill of Costs [74] seeking $1,811.24 in taxable costs pursuant to Fed. R. Civ. P. 54(d)(1). Plaintiff filed no opposition to Mr. Dielman's bill of costs.

## DISCUSSION

Defendant requests $1,811.24 in costs, consisting of $1,791.24 in "fees for printed or electronically recorded transcripts necessarily obtained for use in this case"[1] and $20.00 for docket fees under 28 U.S.C. § 1923. Fed. R. Civ. P. 54(d)(1) states: "Unless a federal statute,

---

[1] Defendant's request for $1,791.24 is broken down as follows: (1) Stephen Brocato: $823.32, including $235.63 in attendance hours, $560.19 for copies of the transcript, and $27.50 for exhibits/scans; (2) Aletha Bonebrake: $601.70, including $304.20 for a copy of the transcript and $297.50 for exhibits/scans; (3) Dennis Dorrah: $233.62, including $117.00 for a copy of the transcript, $108.75 for exhibits/scans, and $7.87 for use of a local carrier; and (4) Gary Dielman: $132.60 for a copy of the transcript. (Kraemer Aff. [76] Exs. 1–3).

1 – OPINION AND ORDER

these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Defendant is a prevailing party here having been dismissed from this case pursuant to Fed. R. Civ. P. 54(d)(1) following summary judgment. "Because Rule 54(d)(1) states that costs 'shall' be allowed 'as of course,' there is a strong presumption in favor of awarding costs to the prevailing party." *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) (citing *Ass'n of Mexican-American Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000)).

I "may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

With regard to deposition costs, defendant seeks $235.63 in costs for expenses incurred in executing plaintiff's deposition, and $1,555.61 in costs incurred in ordering deposition transcripts. As to the former, deposition costs are taxable under 28 U.S.C. § 1920 "if they are reasonably necessary for trial." *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998). Second, I may also tax the expense of obtaining deposition transcripts under 28 U.S.C. § 1920(2) if the copies were "necessarily obtained for use in this case." *See Alflex Corp. v. Underwriters Laboratories, Inc*., 914 F.2d 175, 177 (9th Cir. 1990) (awarding defendant costs for obtaining deposition transcripts following grant of summary judgment in its favor). If these tests are met, I may tax deposition costs "even if the items in question were not used at trial." *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001).

2 – OPINION AND ORDER

I find that defendant's deposition of plaintiff was reasonably necessary for trial. "A deposition need not be absolutely indispensable to justify an award of costs; rather it must only be 'reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition.'" *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995). However, depositions "merely useful for discovery" are not taxable items." *Indep. Iron Works, Inc. v. United States Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963). Plaintiff's deposition took place on January 11, 2011, over four months prior to defendant moving for summary judgment. It was reasonably necessary for defendant to take Mr. Brocato's deposition at that time in order to gain an understanding of his proposed testimony so as to adequately prepare for summary judgment or trial. Additionally, there is no dispute that defendant relied on plaintiff's deposition in his successful summary judgment motion. Therefore, I award defendant $235.63 in requested costs related to attendance hours.

I also find that the four deposition transcripts that defendant ordered were necessarily obtained for use in this case. In his motion for summary judgment, defendant attached as exhibits and heavily relied upon excerpts of his own deposition testimony and also deposition testimony from Stephen Brocato and Aletha Bonebrake. While defendant did not reference Dennis Dorrah's deposition testimony in his summary judgment motion, I find that his deposition transcript was nonetheless necessarily obtained for use in this case as well. Plaintiff ordered Mr. Dorrah's deposition transcript, who is a named defendant, thereby requiring that defendant follow suit in order to be prepared to adequately reply to plaintiff's opposition to his summary judgment motion. *See, e.g. Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (allowing costs for copying documents under

3 – OPINION AND ORDER

section 1920(4) even though documents were not introduced as evidence to support defendant's successful summary judgment motion, because documents were nonetheless necessarily obtained for use in the case). Accordingly, I award plaintiff $1,555.61 in costs brought about by counsel's ordering of deposition transcripts for the three individually named defendants and Mr. Brocato.

Lastly, under 28 U.S.C. § 1920(5), I may award as costs docket fees pursuant to 28 U.S.C. § 1923, which, in civil cases, allows a maximum of $20 to be taxed as costs "on a trial or final hearing." 28 U.S.C. § 1923(a). As stated, Mr. Dielman was dismissed from this case pursuant to Fed. R. Civ. P. 54(d)(1) following summary judgment, thereby entitling him to $20 in docket fees as costs for a "final hearing." *See Hart v. Ahern*, 11-CV-00931-KI, 2012 WL 877028, at *2 (D. Or. Mar. 15, 2012) (citing *Berryman v. Epp*, 884 F. Supp. 242, 245–46 (E.D. Mich. 1995)).

## CONCLUSION

Defendant's Bill of Costs [74] is GRANTED in its entirety. Defendant Gary Dielman shall recover $1,811.24 in costs.

IT IS SO ORDERED.

DATED this __1st__ day of June, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER